UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL A. VANTERPOOL,

    Plaintiff,

v.                        Case No. 8:17-cv-1347-T-33MAP

AMAZON.COM.DEDC, LLC,

    Defendant.
_____/

**ORDER**

This cause comes before the Court sua sponte. For the reasons that follow, this case is remanded to the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, because the Court lacks subject matter jurisdiction.

**Discussion**

Federal courts are courts of limited jurisdiction and are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution." Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 1994). "[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).

1

This Florida Civil Rights Act (FCRA) action was removed to this Court from the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida on June 7, 2017, on the basis of diversity jurisdiction. (Doc. # 1). When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires among other things that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

The Complaint does not state a specified claim to damages. (Doc. # 2 at ¶ 1)("This is an action by the Plaintiff for damages exceeding $15,000, excluding attorneys' fees or costs."). Instead, in its Notice of Removal, Amazon speculates the amount in controversy is met because Vanterpool's back pay and attorney's fees estimated through the time of trial, combined with one-year of front pay,

compensatory damages for emotional suffering, and punitive damages, likely exceed $75,000. (Doc. # 1 at 4-10). On June 12, 2017, the Court directed Amazon to file a supplement regarding its calculation of the amount in controversy. (Doc. # 6). Amazon filed its response on June 14, 2017. (Doc. # 8).

### A. Back Pay and Attorney's Fees

In its response, rather than providing additional information regarding its estimation of damages, Amazon bickers with the Court's previous order. Amazon insists the Court should include an estimate of back pay and attorney's fees through the time of trial in its calculation. Amazon relies heavily on the unpublished decision, Wineberger v. RaceTrac Petroleum, Inc., 672 F. App'x 914 (11th Cir. 2016)(per curiam). Amazon notes the Eleventh Circuit affirmed the district court's jurisdictional findings in an FCRA case, where that court included estimates of back pay and attorney's fees through trial, a year of front pay, compensatory damages in the $5,000 to $30,000 range, and $10,000 in punitive damages in its amount in controversy calculation. (Doc. # 1 at 5-6; Doc. # 8 at 4-5).

First, Wineberger is not binding on this Court. See 11th Cir. R. 36-2. And, while the Eleventh Circuit affirmed the district court's decision under a clear error standard in

3

that particular case, the Eleventh Circuit did not suggest that all courts must follow that district court's method of estimating the amount in controversy.

As this Court explained in its previous Order:

> back pay should be calculated only to the date of removal. The reason for this is simple: the amount in controversy needs to be determined at the time the case is removed." Bragg v. Suntrust Bank, No. 8:16-cv-139-T-33TBM, 2016 WL 836692, at *2 (M.D. Fla. Mar. 4, 2016). The same is true for attorney's fees.

(Doc. # 6). While the Court may estimate the amount in controversy using common sense and judicial experience, post-removal back pay is not in controversy at the time of removal. See Davis v. Tampa Ship, LLC, No. 8:14-cv-651-T-23MAP, 2014 WL 2441900, at *2 (M.D. Fla. May 30, 2014)("Even if a court could 'deduce, infer, or extrapolate' post-removal back-pay, that back-pay is not 'in controversy' at the time of removal.").

Even if post-removal back pay were in controversy, the Court considers an estimate of back pay through the time of trial, which has not been set and likely will not occur, overly speculative. Cf. Id. ("Even assuming post-removal back-pay is in controversy at the time of removal, the defendant's estimation of the plaintiff's back-pay relies on trial occurring in May 2015. However, 'experience and common

4

sense' suggests that this action will resolve before trial."). Thus, the Court will only consider an estimate of Vanterpool's back pay up to the time of removal, which was approximately 53 weeks after his termination. Assuming a 40-hour work week at Vanterpool's hourly rate of $11.75, the back pay amount is $24,910. (Doc. # 8 at 1-2).

Regarding attorney's fees, Amazon has not presented any calculation of the amount of attorney's fees incurred up to the time of removal. Therefore, the Court will not consider attorney's fees in its calculation of the amount in controversy. See Bragg, No. 8:16-cv-139-T-33TBM, 2016 WL 836692, at *3 (M.D. Fla. Mar. 4, 2016)(remanding case where defendant failed to provide information to calculate the attorney's fees accrued to the day of removal).

**B. Front Pay**

While front pay may be considered in calculating the amount in controversy, as the Court explained, "'speculation regarding front pay cannot be used to supplement insufficient back pay for the purpose of meeting the jurisdictional requirement for diversity of citizenship.'" (Doc. # 6)(quoting Mavaddat v. Cracker Barrel Old Country Store, Inc., No. 8:15-cv-1701-T-33JSS, 2015 WL 5897520, at *2 (M.D. Fla. Oct. 7, 2015)).

5

Furthermore, Amazon does not explain why the inclusion of one year of front pay is appropriate in this particular case, beyond quoting a case for the proposition "it is reasonable to add one year of front pay to the amount in controversy in an FCRA employment discrimination case." Gonzalez v. Honeywell Int'l, Inc., No. 8:16-cv-3359-T-30TGW, 2017 WL 164358, at *2 (M.D. Fla. Jan. 17, 2017). But, without providing any information as to why a full year of front pay should be included in this particular case, Amazon has not met its burden of showing by a preponderance of the evidence that such amount should be included in the amount in controversy. See Bragg, 2016 WL 836692, at *2 (declining to include one year of front pay in amount in controversy calculation because it was too speculative); see also Snead v. AAR Mfg., Inc., No. 8:09-cv-1733-T-30EAJ, 2009 WL 3242013, at *2-3 (M.D. Fla. Oct. 6, 2009)(finding that "Defendant's calculations regarding front pay . . . are pure speculation").

**C.  Compensatory Damages**

The Complaint does not specify the amount of compensatory damages sought or provide details on the emotional distress and loss of enjoyment in life Vanterpool suffered as a result of his termination. See Mathew v. S & B Eng'rs and Constr., LTD., No. 8:08-cv-1801-T-33TGW, 2009 WL

6

249931 (M.D. Fla. Jan.30, 2009)(holding that plaintiff's claim for unspecified compensatory damages, her back pay damages of approximately $66,000, and evidence of her failure to stipulate regarding the jurisdictional amount were insufficient to establish the jurisdictional amount). And Amazon presented no additional evidence regarding Vanterpool's emotional distress or suffering. (Doc. # 1 at 8-9; Doc. # 8 at 2-4).

Instead, Amazon emphasizes one FCRA disability discrimination case it cited in its Notice of Removal, in which the plaintiff was awarded $75,000 in compensatory damages. (Doc. # 8 at 2)(citing Archer v. Aaron Rents, Inc., No. 4:00-cv-00335 (N.D. Fla. Dec. 21, 2001) at (Doc. # 97)). Amazon argues this case is analogous to the present one because both that plaintiff and Vanterpool are "late in [their] career[s]," both were terminated after going on medical leave, and both held their respective positions for a short time. (Doc. # 8 at 2-3). But Amazon failed to compare the mental and emotional states of Vanterpool and the Archer plaintiff, which is necessary to determine whether the compensatory damages claims for mental anguish are analogous. Cf. Bragg, 2016 WL 836692, at *2 ("SunTrust cites to three prior employment discrimination cases in which plaintiffs

were awarded damages in excess of $75,000 for mental anguish, [] but does not explain why that amount would be awarded in *this* case." (emphasis original)). And, despite being given the opportunity to provide additional information, Amazon has neither presented additional case law nor demonstrated what the typical compensatory damages award is in FCRA disability discrimination cases.

Because the Complaint is devoid of allegations regarding Vanterpool's distress and Amazon failed to provide additional information about his distress, the Court cannot reasonably determine what amount of compensatory damages should be included in the amount in controversy. Cf. Golden v. Dodge-Markham Co., 1 F. Supp. 2d 1360, 1366 (M.D. Fla. 1998)("Compensatory damages are extremely nebulous. Making a general blanket statement that, if Plaintiff prevails, compensatory damages could certainly entitle him to thousands of dollars, does not rise to the levels of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75.000.00."). As the Court warned Amazon, "nebulous allegations of . . . compensatory . . . damages are insufficient." (Doc. # 6). Therefore, the Court will not include an amount of compensatory damages in its calculation.

**D. Punitive Damages**

In his Complaint, Vanterpool seeks an unspecified amount of punitive damages. Amazon points out that the FCRA sets a maximum punitive damages award of $100,000, and argues that $100,000 in punitive damages should therefore be added to the amount in controversy because Vanterpool could potentially recover this amount. (Doc. # 1 at 9-10; Doc. # 8 at 6-7).

But a mere request for punitive damages, which may reach a statutory maximum of $100,000, does not merit a finding that the amount in controversy has been met. As the Court noted in another FCRA case,

> Rather than proving jurisdictional facts, Northern simply points out that the complaint in this case includes a request for punitive damages. Following Northern's logic, every Florida Civil Rights Act case filed in state court containing a request for punitive damages would automatically meet the jurisdictional minimum for removal to federal court. That result would be untenable.

Boyd v. N. Trust Co., No. 8:15-cv-2928-T-33TBM, 2016 WL 640529, at *4 (M.D. Fla. Feb. 18, 2016).

Amazon has not provided any evidence as to the amount of punitive damages in this case or information on the punitive damages typically recovered in FCRA disability discrimination cases. Cf. Bragg, 2016 WL 836692, at *3 ("SunTrust has failed to provide any evidence concerning punitive damages, despite

the Court's giving SunTrust the opportunity to do so. Because SunTrust has made no effort to meet its burden of proving the amount of punitive damages in controversy, the Court cannot include punitive damages in the jurisdictional calculus."). Therefore, an estimation of punitive damages is overly speculative and will not be included in the Court's amount in controversy calculation.

Thus, the only damages Amazon has shown by a preponderance of the evidence are $24,910 in back pay. This amount falls below the $75,000 jurisdictional threshold and remand is appropriate. See 28 U.S.C. § 1447(c)("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Clerk is directed to **REMAND** this case, pursuant to 28 U.S.C. § 1447(c), to the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida.

(2) The Clerk is further directed to terminate any previously scheduled deadlines, and thereafter **CLOSE THIS CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 16th day of June, 2017.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE